# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **JDUB SQUARED LLC d/b/a MAS SOLUTIONS,**<br>3314 Lake Island Drive<br>Montgomery, Texas 77356<br><br>Plaintiff,<br><br>vs.<br><br>**MATHERS APPRAISAL SERVICE LLC,**<br>3 Greenway Plaza, Suite 1320<br>Houston, Texas 77046<br><br>**and**<br><br>**MAS CLAIM SOLUTIONS LLC,**<br>3 Greenway Plaza, Suite 1320<br>Houston, Texas 77046<br><br>Defendants. | CASE NO.<br><br>JUDGE |

# COMPLAINT
### (Jury Demand Endorsed Herein)

Plaintiff JDub Squared LLC d/b/a MAS Solutions ("MAS"), by and through undersigned counsel, states as follows for its Complaint against Defendants Mathers Appraisal Services LLC and MAS Claim Solutions LLC (collectively, the "Defendants"):

## NATURE OF THE ACTION

1. Plaintiff brings this lawsuit to protect the substantial goodwill it has developed in its distinctive service marks. Due to Plaintiff's continued use and marketing of the service marks, Plaintiff's marks have obtained notoriety in Texas and throughout

the United States as a symbol of high-quality insurance adjustment, appraisal, and consulting services.

2. Like Plaintiff, Defendants also provide insurance appraisal services in the state of Texas.

3. Several years after Plaintiff commenced using its service marks, Defendants adopted a substantially similar mark, causing actual confusion among consumers.

4. Despite knowledge of Plaintiff's service marks, Defendants have continued to use the substantially similar mark to sell competing services to the same consumers served by Plaintiff.

5. The goodwill and public recognition that Plaintiff has cultivated in its service marks has been irreparably harmed by Defendants' conduct.

6. Plaintiff will continue to suffer irreparable harm unless Defendants are enjoined from continuing to use the substantially similar and confusing mark.

## **PARTIES**

7. Plaintiff is a Texas Limited Liability Company with its principal place of business at 3314 Lake Island Drive, Montgomery, Texas 77356.

8. Defendant Mathers Appraisal Services LLC is a Texas Limited Liability Company with its principal place of business at 3 Greenway Plaza Suite 1320, Houston, Texas 77046.

9. Defendant MAS Claim Solutions LLC is a Texas Limited Liability Company with its principal place of business at 3 Greenway Plaza Suite 1320, Houston, Texas 77046.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves claims arising under the Lanham Act and under federal statutes related to trademarks.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

12. This Court has personal jurisdiction over Defendants because Defendants have provided and marketed their services under the infringing marks in Harris County, Texas, have substantial contacts in Harris County, Texas, and have purposefully availed themselves of the privilege of doing business in Texas.

13. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b)(2) because the conduct and events giving rise to the claims for relief arose in Harris County, Texas.

## FACTUAL ALLEGATIONS

14. Plaintiff provides insurance adjustment, appraisal, and consulting services in Texas and throughout the United States.

15. On or about July 1, 2021, Plaintiff adopted the use of the following marks: MAS SOLUTIONS", "MAS MEANS MORE", and "+MAS SOLUTIONS" (collectively, the "MAS Marks").

16. Plaintiff has continuously provided insurance adjustment, appraisal, and consulting services in United States commerce under the MAS Marks since July 1, 2021.

17. Plaintiff has devoted substantial time, effort, and resources into developing the MAS Marks and marketing its services thereunder since July 1, 2021.

18. Plaintiff invested approximately $20,000.00 into developing Plaintiff's Claims Management Software alone.

19. Plaintiff has also used, and continues to use, the MAS Marks on its website, mas-solutions.com, in social media posts on LinkedIn and Facebook, and in online advertisements on Google and YouTube.

20. Plaintiff has developed substantial goodwill in the MAS Marks through its continuous use thereof, resulting in consumers associating the MAS Marks with Plaintiff's high-quality services.

21. As a result, the MAS Marks have become a valuable asset of Plaintiff, leading to increased exposure and a ten-fold increase in sales.

22. In order to protect the substantial goodwill Plaintiff developed in the MAS Marks, Plaintiff owns the following pending service mark registrations in the United States for each of the MAS Marks (Serial Nos. 98564584, 98564582, and 98564580).

23. Plaintiff has also applied to register the MAS SOLUTIONS mark in the state of Texas (Tracing No. 50254820).

24. On or about April 5, 2024, Defendants sent out a mass email (the "April 5th Announcement") announcing that they would be providing insurance adjustment services under the name "MAS Claim Solutions." The announcement also stated that Defendants were expanding into new markets.

25. Since the April 5th Announcement, Defendants continue to use the MAS Claim Solutions mark to advertise and market their services, including on LinkedIn and Google.

26. Fearing that Defendants' marketing of insurance appraisal services under the MAS Claim Solutions mark would cause confusion between the parties and/or dilute the goodwill Plaintiff had developed in the MAS Marks, Plaintiff delivered a letter to

Defendants, dated as of May 31, 2024, demanding that Defendants immediately cease their infringing conduct with respect to the MAS Marks.

27. Defendants ignored the Cease and Desist Letter and continued marketing and providing its insurance appraisal services under the MAS Claim Solutions mark.

28. On or about June 10, 2024, Plaintiff's concerns became a reality when Plaintiff received emails with two separate assignments intended for Defendants (the "June 10th Emails").

29. The June 10th Emails were sent to Plaintiff by a client that the parties have in common.

30. Upon information and belief, additional consumers have been confused, deceived, or misled by Defendants' MAS Claim Solutions mark.

31. Defendants' conduct has directly and proximately caused, and unless enjoined will continue to cause, irreparable harm to both Plaintiff and to customers, who have an interest in being free from confusion, mistake, and deception.

## COUNT ONE
## 15 U.S.C. § 1125(a) – Unfair Competition
## (Service Mark Infringement)

32. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as though expressly set forth herein.

33. The MAS Marks are legally protectable marks owned by Plaintiff.

34. Plaintiff has continuously provided insurance adjustment, appraisal, and consulting services in United States commerce under the MAS Marks since July 1, 2021.

35. Plaintiff has devoted substantial time, effort, and resources into developing the MAS Marks and marketing its services thereunder since July 1, 2021.

36. Among other things, Plaintiff invested significant resources developing its branded Claims Management Software and marketing its services under the MAS Marks on social media and in online advertisements.

37. The MAS Marks suggest that Plaintiff, in providing insurance adjustment, appraisal and consulting services, can offer more solutions for its clients than industry competitors.

38. Through Plaintiff's continuous use of the MAS Marks, consumers have come to recognize Plaintiff as the source of high-quality insurance appraisal, adjustment, and consulting services.

39. This is reflected in Plaintiff's monthly sales, which have increased ten-fold since the introduction of the MAS Marks.

40. Defendants' use of the MAS Claim Solutions mark creates a likelihood of confusion because the mark is sufficiently similar to Plaintiff's MAS Marks, such that reasonable consumers are likely to believe the parties, or their respective services, are associated.

41. The only obvious difference between the MAS Marks and the Defendants' mark is the addition of the word "claim," but the term "claim" is commonly used in the insurance appraisal industry and, thus, does not create any meaningful distinction between the parties' marks.

42. The likelihood of confusion is heightened because Plaintiff and Defendants both provide insurance adjuster services under their respective marks.

43. The likelihood of confusion is further heightened because Plaintiff and Defendants both use LinkedIn and Google to market insurance appraisal services under their respective marks.

44. Additionally, Plaintiff and Defendants market their insurance adjustment services to the same consumers.

45. In fact, Plaintiff discovered Defendants' use of the MAS Claim Solutions mark because Defendants sent the April 5th Announcement to one of Plaintiff's clients.

46. Likewise, Plaintiff learned that the Defendants' mark created actual confusion because Plaintiff received two separate assignments intended for Defendants from a common client of the parties.

47. Defendants' use of the MAS Claim Solutions mark has caused actual confusion among consumers.

48. Upon information and belief, Defendants have advertised and offered their services for sale using the MAS Claim Solutions mark with the intention of misleading, deceiving, or confusing consumers as to the origin of its services and of trading on Plaintiff's reputation and goodwill.

49. As a direct and proximate result of Defendants' unlawful infringement of the MAS Marks, Defendants have engaged in unfair competition in violation of 15 U.S.C. § 1125(a), thereby causing significant injury and damages to Plaintiff, including loss of income, profits and goodwill.

50. Defendants will cause further irreparable injury to Plaintiff if Defendants continue using the MAS Claim Solutions mark to Plaintiff's detriment.

### COUNT TWO
### 15 U.S.C. § 1125(a) – Unfair Competition
### (False Designation of Origin)

51. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as though expressly set forth herein.

52. The MAS Marks are legally protectable marks owned by Plaintiff.

53. Plaintiff has continuously provided insurance adjustment, appraisal, and consulting services in United States commerce under the MAS Marks since July 1, 2021.

54. Plaintiff has devoted substantial time, effort, and resources into developing the MAS Marks and marketing its services thereunder since July 1, 2021.

55. Among other things, Plaintiff invested significant resources developing its branded Claims Management Software and marketing its services under the MAS Marks on social media and in online advertisements.

56. The MAS Marks suggest that Plaintiff, in providing insurance adjustment, appraisal and consulting services, can offer more solutions for its clients than industry competitors.

57. Through Plaintiff's continuous use of the MAS Marks, consumers have come to recognize Plaintiff as the source of high-quality insurance appraisal, adjustment, and consulting services.

58. This is reflected in Plaintiff's monthly sales, which have increased ten-fold since the introduction of the MAS Marks.

59. Defendants' use of the MAS Claim Solutions mark creates a likelihood of confusion because the mark is sufficiently similar to Plaintiff's MAS Marks, such that reasonable consumers are likely to believe the parties, or their respective services, are associated.

60. The only obvious difference between the MAS Marks and the Defendants' mark is the addition of the word "claim," but the term "claim" is commonly used in the insurance appraisal industry and, thus, does not create any meaningful distinction between the parties' marks.

61. The likelihood of confusion is heightened because Plaintiff and Defendants both provide insurance adjuster services under their respective marks.

62. The likelihood of confusion is further heightened because Plaintiff and Defendants both use LinkedIn and Google to market insurance appraisal services under their respective marks.

63. Additionally, Plaintiff and Defendants market their insurance adjustment services to the same consumers.

64. In fact, Plaintiff discovered Defendants' use of the MAS Claim Solutions mark because Defendants sent the April 5th Announcement to one of Plaintiff's clients.

65. Likewise, Plaintiff learned that the Defendants' mark created actual confusion because Plaintiff received two separate assignments intended for Defendants from a common client of the parties.

66. Defendants' use of the MAS Claim Solutions mark has caused actual confusion among consumers.

67. Upon information and belief, Defendants have advertised and offered their services for sale using the MAS Claim Solutions mark with the intention of misleading, deceiving, or confusing consumers as to the origin of its services and of trading on Plaintiff's reputation and goodwill.

68. Defendants' deception is material, in that it is likely to influence consumers' decisions.

69. Defendants have, by using the MAS Claim Solutions Mark, attempted to pass off their services as connected with Plaintiff to capitalize on the goodwill Plaintiff has established in the MAS Marks.

70. As a direct and proximate result of Defendants' false designation of origin with respect to the MAS Marks, Defendants have engaged in unfair competition in violation of 15 U.S.C. § 1125(a), thereby causing significant injury and damages to Plaintiff, including loss of income, profits and goodwill.

71. Defendants will cause further irreparable injury to Plaintiff if Defendants continue using the MAS Claim Solutions mark to Plaintiff's detriment.

## COUNT THREE
## 15 U.S.C. § 1125(c) – Service Mark Dilution

72. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as though expressly set forth herein.

73. Plaintiff owns the MAS Marks, which are famous and distinctive.

74. Plaintiff has continuously provided insurance adjustment, appraisal, and consulting services in United States commerce under the MAS Marks since July 1, 2021.

75. The MAS Marks suggest that Plaintiff, in providing insurance adjustment, appraisal and consulting services, can offer more solutions for its clients than industry competitors.

76. Plaintiff has devoted substantial time, effort, and resources into developing the MAS Marks and marketing its services thereunder since July 1, 2021.

77. Plaintiff has also used, and continues to use, the MAS Marks on its website, in social media posts on LinkedIn and Facebook, and in online advertisements on Google and YouTube.

78. Since July 1, 2021, Plaintiff has built up substantial goodwill in the MAS Marks.

79. Through Plaintiff's continuous use of the MAS Marks, consumers have come to recognize Plaintiff as the source of high-quality insurance appraisal, adjustment, and consulting services.

80. As a result, the MAS Marks are widely recognized by the public as designating the source of the Plaintiff's services.

81. Defendants' first use of the MAS Claim Solutions mark in interstate commerce occurred several years after the MAS Marks had become widely recognized by the public.

82. Defendants' use of the MAS Claim Solutions mark dilutes the famous and distinctive quality of the MAS Marks and creates an association between the high-quality services provided by Plaintiff and the unrelated services provided by Defendants.

83. Such association harms the reputation of Plaintiff's MAS Marks because the public will associate the quality of Defendants' services with those of Plaintiff.

84. Defendants' continued use of the MAS Claim Solutions Mark, despite having knowledge of Plaintiff's MAS Marks, constitutes a willful intent to trade on the recognition of the famous MAS Marks.

85. As a direct and proximate result of Defendants' use of the MAS Claim Solutions mark, Defendants have diluted the famous and distinctive MAS Marks in violation of 15 U.S.C. § 1125(c), thereby causing significant injury and damages to Plaintiff, including loss of income, profits and goodwill.

86. Defendants will cause further irreparable injury to Plaintiff if Defendants continue using the MAS Claim Solutions mark to Plaintiff's detriment.

**COUNT FOUR**
**Tex. Bus. & Comm. Code § 16.103 – Service Mark Dilution**

87. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as though expressly set forth herein.

88. Plaintiff owns the MAS Marks, which are famous and distinctive.

89. Plaintiff has continuously provided insurance adjustment, appraisal, and consulting services in the state of Texas under the MAS Marks since July 1, 2021.

90. The MAS Marks suggest that Plaintiff, in providing insurance adjustment, appraisal and consulting services, can offer more solutions for its clients than industry competitors.

91. Plaintiff has devoted substantial time, effort, and resources into developing the MAS Marks and marketing its services thereunder since July 1, 2021.

92. Plaintiff has also used, and continues to use, the MAS Marks on its website, in social media posts on LinkedIn and Facebook, and in online advertisements on Google and YouTube.

93. Since July 1, 2021, Plaintiff has built up substantial goodwill in the MAS Marks.

94. Through Plaintiff's continuous use of the MAS Marks, consumers have come to recognize Plaintiff as the source of high-quality insurance appraisal, adjustment, and consulting services.

95. As a result, the MAS Marks are widely recognized by the public as designating the source of the Plaintiff's services.

96. Defendants' first use of the MAS Claim Solutions mark in Texas occurred several years after the MAS Marks had become widely recognized by the public.

97. Defendants' use of the MAS Claim Solutions mark dilutes the famous and distinctive quality of the MAS Marks and creates an association between the high-quality services provided by Plaintiff and the unrelated services provided by Defendants.

98. Such association harms the reputation of Plaintiff's MAS Marks because the public will associate the quality of Defendants' services with those of Plaintiff.

99. As a direct and proximate result of Defendants' use of the MAS Claim Solutions mark, Defendants have diluted the famous and distinctive MAS Marks in violation of 15 U.S.C. § 1125(c), thereby causing significant injury and damages to Plaintiff, including loss of income, profits and goodwill.

100. Defendants will cause further irreparable injury to Plaintiff if Defendants continue using the MAS Claim Solutions mark to Plaintiff's detriment.

## COUNT FIVE
## Common Law Service Mark Infringement

101. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as though expressly set forth herein.

102. The MAS Marks are legally protectable marks owned by Plaintiff.

103. Plaintiff has continuously provided insurance adjustment, appraisal, and consulting services in United States commerce under the MAS Marks since July 1, 2021.

104. Plaintiff has devoted substantial time, effort, and resources into developing the MAS Marks and marketing its services thereunder since July 1, 2021.

105. Among other things, Plaintiff invested significant resources developing its branded Claims Management Software and marketing its services under the MAS Marks on social media and in online advertisements.

106. The MAS Marks suggest that Plaintiff, in providing insurance adjustment, appraisal and consulting services, can offer more solutions for its clients than industry competitors.

107. Through Plaintiff's continuous use of the MAS Marks, consumers have come to recognize Plaintiff as the source of high-quality insurance appraisal, adjustment, and consulting services.

108. This is reflected in Plaintiff's monthly sales, which have increased ten-fold since the introduction of the MAS Marks.

109. Defendants' use of the MAS Claim Solutions mark creates a likelihood of confusion because the mark is sufficiently similar to Plaintiff's MAS Marks, such that reasonable consumers are likely to believe the parties, or their respective services, are associated.

110. The only obvious difference between the MAS Marks and the Defendants' mark is the addition of the word "claim," but the term "claim" is commonly used in the insurance appraisal industry and, thus, does not create any meaningful distinction between the parties' marks.

111. The likelihood of confusion is heightened because Plaintiff and Defendants both provide insurance adjuster services under their respective marks.

112. The likelihood of confusion is further heightened because Plaintiff and Defendants both use LinkedIn and Google to market insurance appraisal services under their respective marks.

113. Additionally, Plaintiff and Defendants market their insurance adjustment services to the same consumers.

114. In fact, Plaintiff discovered Defendants' use of the MAS Claim Solutions mark because Defendants sent the April 5th Announcement to one of Plaintiff's clients.

115. Likewise, Plaintiff learned that the Defendants' mark created actual confusion because Plaintiff received two separate assignments intended for Defendants from a common client of the parties.

116. Defendants' use of the MAS Claim Solutions mark has caused actual confusion among consumers.

117. Upon information and belief, Defendants have advertised and offered their services for sale using the MAS Claim Solutions mark with the intention of misleading, deceiving, or confusing consumers as to the origin of its services and of trading on Plaintiff's reputation and goodwill.

118. As a direct and proximate result of Defendants' unlawful infringement of the MAS Marks, Defendants have engaged in service mark infringement under the common law of the state of Texas, thereby causing significant injury and damages to Plaintiff, including loss of income, profits and goodwill.

119. Defendants will cause further irreparable injury to Plaintiff if Defendants continue using the MAS Claim Solutions mark to Plaintiff's detriment.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter an Order granting it the following relief:

(A) Entering a judgment that Defendants' use of its MAS Claim Solutions mark constitutes unfair competition in violation of 15 U.S.C. § 1125(a);

(B) Entering a judgment that Defendants' use of its MAS Claim Solutions mark constitutes service mark dilution in violation of 15 U.S.C. § 1125(a).

(C)      Entering a judgment that Defendants' use of its MAS Claim Solutions mark violates the Texas Trademark Dilution statute in violation of Tex. Bus. & Com. Code § 16.103;

(D)      Entering a judgement that Defendants' use of its MAS Claim Solutions mark constitutes common law trademark infringement;

(E)      Permanently enjoining and restraining the Defendants and each of their agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using the MAS Claim Solutions mark, with or without its accompanying logo or any other designation, alone or in combination with other words or symbols, as a trademark or trade name component or otherwise, to market, advertise, or identify Defendants' services where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's MAS Marks;

(F)      Pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(G)      Pursuant to 15 U.S.C. 1118, requiring that Defendants and all others acting under Defendants' authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels, and other material in their possession bearing the infringing designation;

(H)      Pursuant to 15 U.S.C. § 1119, enjoining the Director of the United States Patent and Trademark Office from issuing to Defendants any trademark

registration for its MAS Claim Solutions Mark or any combination of words or symbols that would create a likelihood of confusion, mistake, or deception with Plaintiff's mark, or ordering cancellation of any such registrations previously granted to Defendants;

(I) Awarding, jointly and severally, Plaintiff all damages it sustained as the result of Defendants' acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

(J) Awarding Plaintiff all profits received by Defendants from sales and revenues of any kind made as a result of its willful and intentional infringing actions, said amount to be trebled, after an accounting, pursuant to 15 U.S.C. § 1117;

(K) Awarding Plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117; and

(L) Granting Plaintiff such other and further relief as the Court may deem just.

Respectfully submitted,

/s/Haroon Rafati
Haroon Rafati
Texas Bar No. 24081111
THE RAFATI LAW FIRM, PLLC
7106 Glen Rosa Drive
Katy, Texas 77494
P: 210-573-3123
F: 210-579-4765
E: Haroon@RafatiLaw.com

and

Ryan M. Gembala (OH Bar #0079431)
*Pro Hac Vice Admission Forthcoming*
5455 Detroit Road
DOOLEY, GEMBALA,
McLAUGHLIN & PECORA CO., LPA
Sheffield Village, Ohio 44054
Telephone:   (440) 930-4001
Facsimile:    (440) 934-7208
Email:          rgembala@dooleygembala.com

*Counsel for Plaintiff JDub Squared LLC d/b/a MAS Solutions*